■ ANNE M. FUNKE et al., Respondents, v. CITY OF AUBURN et al., Defendants, and UNITED STATES HOFFMAN MACHINERY CORPORATION, Appellant.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Cayuga Special Term denying a motion by defendant United States Hoffman Machinery Corporation for a dismissal of the complaint as to it.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.

■ WILLIAM GALVIN, Respondent, v. RONALD H. DWYER, Defendant, and CITY OF WATERTOWN, Appellant.— Judgment and order reversed on the facts as to the City of Watertown, and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is against the weight of evidence. All concur. (Appeal by defendant city from a judgment of Jefferson Trial Term for plaintiff in a negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.

■ JOHN D. SALISBURY, Respondent, v. RONALD H. DWYER, Defendant, and CITY OF WATERTOWN, Appellant.— Same decision and like cause of action as in companion case of *Galvin* v. *Dwyer* (3 A D 2d 985). Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.

■ A. NELSON TRUESDALE, Appellant, v. WALTER DUEGER, Respondent.— Judgment reversed on the law and facts and a new trial granted with costs to the appellant to abide the event. Memorandum: The trial court improperly limited the issues presented by the pleadings in this action and, in our opinion, thereby deprived the plaintiff of a fair trial. All concur, except McCurn, P. J., and Williams, J., who dissent and vote for affirmance. (Appeal from a judgment of Niagara Trial Term for defendant for no cause of action, in an action for damages for personal injuries alleged to have been sustained by plaintiff by reason of negligent operation of a motor boat.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.

■ HARRY J. SCHAFFER, Respondent, v. C. C. CHAPMAN, INC., et al., Appellants.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: We conclude that the court erred in instructing the jury that it might take into consideration in passing on the credibility of the defendant a paper which the court characterized "a copy of the Motor Vehicle Report". The paper was not received in evidence nor marked for identification and was not properly before the court. We also reach the conclusion that the court erred in refusing to grant defendants' request to charge the legal effect of subdivision 6 of section 88 of the Vehicle and Traffic Law relating to speed and his comment that speed itself was not a factor to be considered by the jury. All concur except McCurn, P. J., and Goldman, J., who dissent and vote for affirmance. (Appeal from a judgment of Niagara Trial Term for plaintiff in an automobile negligence action.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.